UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DARRELL FRAZIER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:15-cv-933-WTL-MPB |
| ) | |
| **TRANSAMERICA AGENCY NETWORK,** ) | |
| **INC.,** ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant Transamerica Agency Network, Inc.'s ("Transamerica") motion for summary judgment (Dkt. No. 25). The Plaintiff, by counsel, filed two motions to extend the time to respond to the motion, but ultimately did not file a response. Plaintiff's counsel's subsequent motion to withdraw his representation and motion for additional time for the Plaintiff to obtain new counsel and respond to the motion for summary judgment both were denied by the Magistrate Judge, and that ruling was not appealed to the undersigned. Accordingly, the motion for summary judgment is ripe for ruling and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I.   APPLICABLE STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view

the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, because the Plaintiff failed to respond to the Defendant's motion for summary judgment, the facts asserted by the Defendant in its motion are deemed admitted by the Plaintiff to the extent that they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Id.* (citations omitted). Rather, the Defendant must still demonstrate that it is entitled to judgment as a matter of law. *See id.*

## II. BACKGROUND

Plaintiff Darrell Frazier alleges in his Complaint that he was employed by Transamerica from May 29, 2013, until he was terminated "for undisclosed reasons" in October 2013. He alleges that he was entitled to certain commissions and bonuses that he was not paid. He asserts claims for breach of contract, unjust enrichment, violation of the Indiana Wage Claims Act, and, in the alternative, violation of the Indiana Wage Payment Act.

Because "[a]t the summary judgment stage of a proceeding, a plaintiff must 'put up or shut up' and show what evidence he has that would convince a trier of fact to accept his version of events," *Olendzki v. Rossi*, 765 F.3d 742, 749 (7th Cir. 2014), and Frazier has not filed any response to the motion for summary judgment and therefore has pointed to no such evidence, each of the properly supported facts set forth by Transamerica in its statement of undisputed facts is, in fact, undisputed for purposes of this ruling. Those facts are set forth below.

By letter dated May 29, 2013, Transamerica offered Frazier a full-time position as a "Fastrack management candidate" effective June 3, 2013. Frazier signed the letter, indicating that he agreed to the terms of employment set forth therein. The letter provided that his employment would be at will and that he would be paid semi-monthly "gross pay minimum" of $3,000 during his Introductory Period, which consisted of his first eight pay periods. Frazier also signed a Monumental Life Insurance Company Agent's Agreement, which reiterated his at-will status and provided that his "compensation shall be as stated in the then current Compensation Schedule(s), which may be amended at any time solely at the Company's discretion. There is no vesting of commissions, including United Financial Services, Inc. commissions." It further provided:

> In consideration of the Introductory Allowance and any transition compensation provided for in the Compensation Schedule, the Company's obligation to pay to me any compensation, including compensation payable through United Financial Services, Inc. or other compensation as provided by the Agreement, shall cease upon my termination of employment with the Company. Commission Pool balances, if any, shall revert to the Company upon my termination of employment.

Dkt. No. 27-1 at 26-33. Frazier's Compensation Schedule provided:

> For the period commencing with the effective date of the Agent's Agreement until completion of the Introductory Period, Agent shall be paid a semi-monthly Introductory Allowance in lieu of commission compensation. The Introductory Period will be approximately fifteen weeks, depending upon the actual effective date of the Agent's Agreement. Further, in consideration of this Introductory Allowance, Agent acknowledges that no vested interest or rights exist in any commissions, pools or funds credited or related to the Agency or business which is the property of the Company, and agrees to forfeit any such commissions, pools or funds to the Company upon termination of employment.

Dkt. No. 27-2 at 2. The Compensation Schedule also provided for the payment of certain bonuses and special incentives, but further provided that the bonuses and special incentives would be paid "only if the Agent is active at the time the bonus is payable" and that "[b]onus

compensation serves a dual purpose; it rewards the Agent's achievement of specified results and secures the Agent's continued services through their actual date of payment." *Id.* at 6.

After becoming aware of an ongoing investigation by the Ohio Department of Insurance into complaints against Frazier, Transamerica terminated Frazier's employment effective September 4, 2013. This was prior to the end of his Introductory Period.

### III.     DISCUSSION

Transamerica's position with regard to Frazier's breach of contract claim is simple: because Frazier's employment was terminated before the end of his Introductory Period, by the plain language of his employment agreement quoted above, he was not entitled to any commissions. Further, because Frazier was no longer employed by Transamerica on the date the bonuses at issue were payable, he was not entitled to those bonuses, again by the plain language of his employment agreement. The Court agrees; the provisions of the employment agreement set forth above preclude Frazier's claim for bonuses and commission. Accordingly, Transamerica is entitled to summary judgment on Frazier's breach of contract claim. Because Frazier's claim under the Wage Claims Statute alleges the failure to pay him the same commissions and/or bonuses, Transamerica is entitled to summary judgment on that claim for the same reason.

With regard to Frazier's remaining claims, Transamerica is correct that they fail as a matter of law. Frazier is not a proper plaintiff under the Indiana Wage Payment Statute because it applies only to "current employees and those who have voluntarily left employment." *St. Vincent Hosp. & Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002). Frazier was involuntarily terminated. Further, because "[u]njust enrichment operates when there is no governing contract," *DiMizio v. Romo*, 756 N.E.2d 1018, 1024 (Ind. Ct. App. 2001), the existence of a written contract between Frazier and Transamerica governing the terms of his

4

compensation precludes Frazier's claim for unjust enrichment. *Zoeller v. East Chicago Second Century, Inc.*, 904 N.E.2d 213, 221 (Ind. 2009) ("When the rights of parties are controlled by an express contract, recovery cannot be based on a theory implied in law.") (citations omitted).

## IV. CONCLUSION

For the reasons set forth above, Transamerica's motion for summary judgment is **GRANTED** in its entirety.

SO ORDERED: 12/9/16

             *William T Lawrence*

             Hon. William T. Lawrence, Judge
             United States District Court
             Southern District of Indiana


Copies to all counsel of record via electronic notification